IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00886-WYD-KMT

VALERIE L. BISHOP,

    Plaintiff,

v.

NEOSPINE, LLC, a Delaware limited liability corporation;
and DENVER SPINE CENTER, LLC, a Delaware limited
liability corporation,

    Defendants.

## AGREED PROTECTIVE ORDER

The court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1. Documents and information containing personal, private, and confidential information regarding the parties and persons who are not parties to this case, including, without limitation, personnel files, medical records and proprietary business records ("Confidential Information"), are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation assert that public dissemination and disclosure of Confidential Information could severely injure or damage the parties as well as the persons who are not parties to this litigation;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" at the time of or after the production of those documents and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and may be entitled to confidential treatment as described below.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a

motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a determination is made by the court that all or a portion of a Protected Document are not entitled to confidential treatment.

4. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a) Counsel of record in this action for the party or parties receiving Protected Documents or any information contained therein;

(b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

(c) Witnesses and potential witnesses in this case:

(d) Expert witnesses retained to assist any of the parties in this case;

(e) Court reporters and other persons involved in recording deposition testimony in this case;

(f) Employees of copying and/or litigation support firms who are involved with providing copying or litigation support services to counsel for any party to this case;

(g) The parties; and

(h) The court and any persons employed by the court whose duties require access to any confidential material.

Protected Documents and any information contained therein shall be used solely for purposes of this litigation.

6. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

7. A party seeking to seal Protected Documents or information filed with the court or used at trial must file those Protected Documents under seal and file a motion requesting that the court approve an Order specifying those court records, categories of court records, or portions thereof which shall be placed under seal and ordering that those Protected Documents shall be filed under seal.

8. Any private court reporter or transcriber who reports or transcribes testimony in this action may be asked by either party to consent in writing to be bound by this Order. As such, the private court reporter or transcriber agrees that all "Confidential" information designated as such under this Order shall remain "Confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

9. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

10 After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public

record. This court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

11. Six years after termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product that refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

12. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

It is so ordered this 28th day of January, 2008.

s/ Kathleen M. Tafoya
United States Magistrate Judge

APPROVED FOR ENTRY:


*/s Barry D. Roseman*
Barry D. Roseman
McNamara, Roseman, Martínez & Kazmierski, LLP
1640 East 18th Avenue
Denver, Colorado 80218
Telephone: 303/333-8700
FAX: 303/ 331-6967
e-mail: bdr@18thavelaw.com

*Attorneys for Plaintiff Valerie L. Bishop*


*/s John E. B. Gerth*
Charles H. Williamson
John E. B. Gerth
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Email: charley.williamson@wallerlaw.com
       jeb.gerth@wallerlaw.com

and

Deanne C. Potestio
COOPER & CLOUGH, P.C.
1512 Larimer Street, Suite 600
Denver, Colorado 80202-1621
303-607-0077
303-607-0472 (fax)
E-mail: dpotestio@cooper-clough.com

*Attorneys for Defendants*
*NeoSpine Management, Inc. and Denver Spine Center, LLC*